UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM JAMES McHENRY,

    Petitioner,

v.                                      CASE NO:  8:13-CV-517-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. #1) filed on February 25, 2013. The Government filed a Response (Dkt. #6) on April 29, 2013. Petitioner filed a Reply (Dkt. #16) on August 1, 2013.  Upon review, the Court concludes that the petition should be denied.

## BACKGROUND

PETITIONER, William James McHenry (hereinafter referred to as "McHenry" or "Petitioner") was indicted for murder in the first degree on December 17, 2003. (Exhibit 1, Record on Appeal, pp. 9-10.) A jury convicted Petitioner on September 14, 2006. (Exhibit 1, Record on Appeal, pp. 391.) The Sixth Judicial Circuit, Pinellas County,

Florida, sentenced McHenry to life in prison on September 18, 2006. (Exhibit 1, Record on Appeal, pp. 526-28.)

McHenry filed an appeal on September 20, 2007. After relinquishing jurisdiction for the Circuit Court to have an inspection of the contents of a computer relating to a discovery issue, and after the Circuit Court held an *in camera* inspection hearing finding no discovery violations, the appellate court affirmed *per curiam*. *McHenry v. State*, 11 So. 3d 950 (Fla. 2d DCA 2008) (table). On December 22, 2008, McHenry filed a motion for rehearing and rehearing *en banc*. On February 24, 2009, the appellate court denied both motions.

On March 31, 2009, McHenry a petition alleging ineffective assistance of appellate counsel. The appellate court denied that petition on April 15, 2009.

On April 22, 2009, McHenry filed a petition for writ of certiorari in the United States Supreme Court. It was denied on June 8, 2009.

On July 13, 2009, McHenry filed a motion to correct illegal sentence with the Circuit Court. The motion was denied on August 27, 2009. McHenry appealed. The appellate court affirmed on March 3, 2010. *McHenry v. State*, 31 So. 3d 183 (Fla. 2d DCA 2010). McHenry filed a motion for rehearing. It was denied on April 1, 2010.

On February 18, 2011, McHenry filed a motion for post-conviction relief. The post-conviction court struck part of the motion and denied part. The post-conviction court granted McHenry thirty days to amend several of his claims if he wished to pursue them.

On May 23, 2011, McHenry filed an amended motion for post-conviction relief. On June 14, 2011, the post-conviction court denied the motion in part and required the state to respond to the remainder. After the state's response, the post-conviction court denied all remaining grounds on November 21, 2011. McHenry filed a motion for rehearing and that motion was denied on January 6, 2012.

McHenry appealed. The post-conviction court's denial was affirmed *per curiam. McHenry v. State*, 106 So. 3d 939 (Fla. 2d DCA 2013) (table). On February 15, 2013, the mandate issued.

Petitioner filed this Petition for Writ of Habeas Corpus on February 25, 2013, claiming counsel was ineffective because he:

1. did not move to dismiss indictment because grand jurors were unqualified;

2. did not object to felony murder jury instructions with an indictment charging premeditated murder;

3. (a) did not object to discovery violation and move for a *Richardson* hearing,

    (b) committed *Brady* violation by suppressing evidence, and

    (c) committed *Giglio* violation by misrepresenting facts to the court;

4. did not move to disqualify judge for approving *in camera* hearing;

5. did not retain independent forensic expert to rebut state medical examiner's testimony;

6. improperly defined "sexual battery" in justifiable use of deadly force jury instructions; and

      7.      did not move for a new trial alleging the (a) verdict was contrary to the law or weight of evidence; (b) jury instructions were improper, and (c) prosecutor committed misconduct.

## TIMELINESS

The State stipulates this petition is timely. (Dkt. #6.)

## STANDARD OF REVIEW

Petitions for Writ of Habeas Corpus allow state prisoners to challenge their convictions for violating federal law. *See* 28. U.S.C. §2254(a). Petitioners must first exhaust available state court remedies or show they are unavailable or ineffective. *See* 28 U.S.C. §2254(b)(1). This Court, however, is not an appellate body. It must defer to the state court's ruling and findings of fact. *See Bell v. Cone*, 543 U.S. 447, 455 (2005); *see also Bell v. Cone*, 535 U.S. 685, 693 (2002); *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001). And it can only vacate judgments:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . .
>
> (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. §2254(d)(1)-(2).

State courts contravene "clearly established [f]ederal law" by (1) applying a different rule than the Supreme Court, or (2) deciding a materially indistinguishable case differently than the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Price v. Vincent*, 538 U.S. 634, 640 (2003); *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

They unreasonably apply federal law by: (1) identifying Court precedent but unreasonably applying it, or (2) unreasonably extending or failing to extend Court precedent. *Diaz v. Secretary for the Dept. of Corrections*, 402 F.3d 1136, 1141 (11th Cir. 2005) (citing *Williams*, *supra* at 405-08). The standard is objective reasonableness, not accuracy. *Brown v. Payton* 544 U.S. 133, 141 (2005); *see Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (*per curiam*); *Williams*, *supra* at 405 ("federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.")

This Court must also presume the state court's findings of fact are correct. 28 U.S.C. §2254(e)(1); *Henderson v. Haley*, 353 F.3d 880, 890-91 (11th Cir. 2003) Petitioner may rebut them only with clear and convincing evidence. *Id.*

Petitioner alleges ineffective assistance of counsel. Dkt. CV-1. The Constitution's Due Process Clause and the Sixth Amendment guarantee defendants effective assistance of competent counsel during criminal trials. *Strickland v. Washington*, 466 U.S. 668, 685 (1984); *See Lafler v. Cooper*, 132 S.Ct. 1376 (2012) (*citing Missouri v. Frye*, 132 S.Ct. 1399 (2012); *Padilla v. Kentucky*, 130 S.Ct. 1473, 1486 (2010); *Hill v. Lockhart*, 106 S.Ct. 366, 366 (1985).

The Court in *Strickland v. Washington* established the requirements for ineffective assistance of counsel claims. 466 U.S. 668, 687-89 (1984). The defendant must make two showings. First, he must demonstrate counsel's performance was "deficient." *Strickland*, 466 U.S. at 687. This means counsel's representation "fell below an objective

standard of reasonableness." *Id.* at 688 ("proper measure of attorney performance remains simply reasonableness under prevailing professional norms.") Second, defendant must demonstrate counsel's performance prejudiced his defense. *Id.* at 687. This means proving the outcome would have been different but for counsel's unprofessional errors. *Id.* at 694.

Petitioner's motion also alleges *Brady* and *Giglio* violations. *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963). Defendants making *Brady* claim must show: (1) the evidence is exculpatory or impeaching; (2) the State willfully or inadvertently suppressed it; and (3) that prejudiced him. *Reed v. State*, 875 So. 2d 415, 430 (Fla. 2004) (citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). The evidence must be material to show prejudice. *Strickler*, 527 U.S. at 282. Material evidence has a reasonable probability of changing the outcome. *Way v. State* 760 So. 2d 903, 913 (Fla. 2000) (citing *United States v. Bagley*, 473 U.S. 667, 682 (1985). And a "reasonable probability" is a likelihood "sufficient to undermine confidence in the outcome" *Way*, 760 So. 2d at 913.

Defendants making a *Giglio* claim must show: (1) the State's testimony was false; (2) the State knew it was false; and (3) it was material. *Ponticelli v. State*, 941 So. 2d 1073, 1088 (Fla. 2006); *see Giglio v. United States*, 405 U.S. 150, 153-54 (1972); *see also Suggs v. State*, 923 So. 2d 419, 426 (Fla. 2005). The State, however, must show the testimony was immaterial after Defendant shows the State knew it was false. *Guzman v. State*, 868 So. 2d 498, at 507 (Fla. 2003). Immaterial testimony is "harmless beyond a

reasonable doubt." *Id.* at 506. This means there is no reasonable probability it furthered the conviction. *State v. DiGuilio*, 491 So. 2d 1129, 1138 (Fla. 1986).

## **DISCUSSION**

**Ground One**

Petitioner raises seven claims of ineffective assistance of counsel.

**Claim One**

Petitioner alleges counsel should have moved to dismiss the indictment. He claims the grand jurors were unqualified. The state post-conviction court held the claim facially insufficient because it did not explain why they were unqualified. Nor did it claim a motion would have changed the verdict. The court gave Petitioner thirty days to correct the pleading. It struck the claim when he did not.

Vague, conclusory statements do not warrant post-conviction relief. Petitioner needed to (1) explain why the grand jurors were unqualified and (2) give supporting evidence. He did neither.

In his reply brief, Petitioner attempts to buttress his argument by stating:

> In the case at bar, trial counsel rendered himself to be ineffective against substantive due process of law and procedural right to have the grand jury panel members selected in accordance and adherence to the United States constitution. The unconstitutionally vague nature of Florida Statute Section 40.022(4), that allows for "other identifying information" to be used by the Florida Department of Law Enforcement (FDLE) to select potential jurors is a practice which does not comport with Petitioner's Sixth Amendment right. *See Vasques v. Hillary*, 474 U.S. 254 (1986) ("discrimination in the grand jury undermines the structural integrity of the criminal tribunal itself, and is not amendable to harmless error review … Once having found discrimination in the selection of a grand jury, we simply cannot know that the need to indict would have been assessed in the same way by a grand jury properly constituted.").

Reply, Dkt. 16, pp. 13-14.

Florida Statute § 40.022(4) provides:

The Department of Law Enforcement shall establish procedures to enable the clerk of the court in each county to submit monthly the names and other identifying information about the persons selected for the jury list. The Department of Law Enforcement will search its databases and return an automated file of matching records that would assist the clerk in evaluating whether a member of the jury pool should be disqualified under the provisions of s. 40.013(1).

Florida Statute § 40.013(1) states:

No person who is under prosecution for any crime, or who has been convicted in this state, any federal court, or any other state, territory, or country of bribery, forgery, perjury, larceny, or any other offense that is a felony in this state or which if it had been committed in this state would be a felony, unless restored to civil rights, shall be qualified to serve as a juror.

Citing to Florida Statute § 40.022(4) does not add any specificity to Petitioner's claim. McHenry's reference to discrimination is merely conclusory and speculative. This claim fails for lack of factual support.

**Claim Two**

Petitioner alleges counsel should have objected to the felony murder jury instructions. The indictment charged Petitioner with premeditated first-degree murder. But the State offered a felony murder theory and the court instructed the jury on it.

As to his lawyer's assistance, Petitioner is factually mistaken. Counsel twice objected to the jury instructions:

> MR. BRUNVAND: And then I would renew all motions . . . and also would object to the felony murder inclusion and instruction based on our position that it is contrary to *Apprendi* and *Ring* [*v.*] *Arizona*.

Exhibit 2, Transcript, pp. 1116 (emphasis mine); *see* Exhibit 2, Transcript, pp. 1021-22.

The court must deny claims contradicting the record. FL R. CRIM P. 3.850(d) ("If the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied . . ."); *see also Jacobs v. State*, 880 So. 2d 548, 550 (Fla. 2004) ("If the record *conclusively* refutes the alleged claim, the claim may be denied.") (emphasis in original). Moreover, indictments charging premeditated murder support felony murder convictions. *Gwong v. State*, 567 So. 2d 906 (Fla. DCA 1990). Last, the State charged Petitioner under FLA STAT. § 782.04(1)(a). This statute includes both premeditated and felony murder. FLA STAT. § 782.04(1)(a)(1)-2(c). The claim fails for lack of merit.

**Claim Three**

Petitioner claims counsel should have objected to a discovery violation and moved for a *Richardson* hearing. *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).[1] He claims the State failed to disclose exculpatory information on the victim's computer hard drive. Similarly, Petitioner claims this was a *Brady* violation. 373 U.S. 83 (1963). And he alleges the State committed a *Giglio* violation by knowingly misrepresenting why it examined the drive. 405 U.S. 150 (1972).

---

[1] The Florida Supreme Court in *Richardson v. State* mandated that trial courts conduct a hearing – "Richardson hearing" – when they learn of possible discovery violations. *Landry v. State*, 931 So. 2d 1063 (Fla. Dist. Ct. App. 4th Dist. 2006). The court asks whether the State's discovery activities "procedurally prejudiced" the Defendant. *Joubert v. State*, 847 So. 2d 1056 (Fla. Dist. Ct. App. 3d Dist. 2003) This means a reasonable probability that the State's actions materially altered the Defendant's trial preparation or strategy. *Powell v. State*, 912 So. 2d 698 (Fla. Dist. Ct. App. 2d Dist. 2005). The latter is "materially different" when it can no longer benefit the Defendant. *Giles v. State*, 916 So. 2d 55 (Fla. Dist. Ct. App. 2d Dist. 2005).

Petitioner's claim is meritless. First, he is factually mistaken. Counsel moved to examine the hard drive. (Exhibit 2, Trial Transcript, pp. 819-24). And, at the direction of the appellate court, the trial court held an *in camera* hearing to determine whether any exculpatory evidence existed on the computer. (Exhibit 2, Trial Transcript, pp. 825-27).

Moreover, the State committed neither a *Brady* nor a *Giglio* violation. The court found no exculpatory or relevant evidence on the drive. (Exhibit 2, Trial Transcript, pp. 838-40). And it found the State had not misrepresented facts:

> THE COURT: I'm going to make a finding that the review by the State is clear to the Court that there contains no evidence that would be pertinent to the Defense . . . I'm going to deny your request for that information, finding that the prosecutors who also reviewed and sampled files and photographs in this – in this – in this computer did not find anything that they felt should be discoverable to the Defense.

(Exhibit 2, Trial Transcript, pp. 838-40).

The trial court's findings of fact bind this Court. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91. Petitioner may rebut with clear and convincing evidence. *Id.* But he offers no such evidence. *Id.* In fact, Petitioner identifies no specific evidence on the hard drive relevant to his defense. The claim must be denied.

**Claim Four**

Petitioner claims counsel should have moved to disqualify the trial judge. He argues the court's *in camera* hearing threatened his right to a fair trial.

Adverse rulings are not grounds for disqualification. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see S.E.C. v. Loving Spirit Foundation Inc.*, 392 F.3d 486 (D.C. Cir. 2004). Moreover, *in camera* inspections are appropriate *Brady* tools to find exculpatory

evidence. *See Johnson v. Butterworth*, 713 So. 2d 985 (Fla. 1998) (court held *in camera* inspection to look for exculpatory evidence.) The claim fails for lack of merit.

**Claim Five**

Petitioner argues counsel should have retained an independent forensic pathologist to rebut the state medical examiner's testimony. He wanted an expert to dispute the (1) order and (2) number of wounds on the victim. (Exhibit 23, Amended Motion for PC Relief, pp. 21.)

This claim fails.  First, Petitioner needed to: (1) identify an expert and (2) provide his testimony. And he must show: (1) counsel was unreasonable for not hiring the expert, and (2) his testimony would have changed the outcome. *Strickland*, 466 U.S. at 687-88, 694.

Petitioner did none of the above.  He did not identify an expert. And his claims that an expert could rebut the examiner's testimony is mere speculation. (Exhibit 23, Amended Motion for PC Relief, pp. 21).

Petitioner has not shown counsel was unreasonable for not hiring an expert. He merely states "no competent attorney would have taken the same course of action or inaction as Mr. Brunvand [defense counsel]." (Exhibit 23, Amended Motion for PC Relief, pp. 21).  And he identified no evidence that would have caused the jury to rule differently.  (Exhibit 23, Amended Motion for PC Relief, pp. 21).

Further, Petitioner's defense did not need the expert testimony. Counsel had the medical examiner admit on cross-examination that he could not determine the order in

which the wounds were inflicted. (Exhibit 2, Transcript, pp. 954-55). And the exact number of wounds would not affect his theory of self-defense.

**Claim Six**

Petitioner claims counsel should have objected to the jury instructions on justifiable use of deadly force. He argues "sexual battery" should not include use of a deadly weapon.

Petitioner is factually mistaken. First, the instruction given was the standard jury instruction. *See* FLA. STD. JURY INST. (CRIM.) 3.6 (f) (2006). Petitioner also needed but failed to provide alternative jury instructions.

Second, Florida's "sexual battery" statute requires "use of a deadly weapon." *See* FLA STAT. ANN. §794.011(3)

> A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof *uses or threatens to use a deadly weapon* or uses actual physical force likely to cause serious personal injury commits a life felony, punishable as provided in s. 775.082, s. 775.083, s. 775.084, or s. 794.0115.

FLA STAT. ANN. §794.011(3) (emphasis added)

Counsel reasonably accepted the standard and correct jury instruction.

**Claim Seven**

Petitioner alleges counsel should have moved for a new trial because: (1) the verdict was contrary to the law or weight of the evidence; (2) the jury instructions were improper; and (3) the state prosecutor committed misconduct. The state post-conviction court ruled this claim facially insufficient because it did not demonstrate that such a

motion would have changed the verdict. It gave Petitioner thirty days to correct the pleading. And it struck the claim when he did not.

Vague, conclusory statements do not warrant post-conviction relief. Petitioner needed to (1) explain why the verdict was contrary to law, the jury instructions were improper, and how the prosecutor committed misconduct; and (2) give proof. He did neither.

**Ground Two**

Petitioner alleges the State committed a *Brady* violation by withholding the victim's hard drive. 373 U.S. 83. And a *Giglio* violation for knowingly misrepresenting testimony. 405 U.S. 150 (1972). This Court reviewed and denied these claims in Claim Three. The instant ground will be denied for those reasons.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 (Dkt. # 1) is **DENIED**.

2. The Clerk is to enter judgment for Respondents, terminate any pending motions, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district

court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

DONE AND ORDERED at Tampa, Florida on this 6th day of August, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-517 deny 2254.docx