# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WILLIAM JAMES McHENRY,

    Petitioner,

-vs-                                        Case No.  8:13-cv-517-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

THIS CAUSE is on limited remand from the Eleventh Circuit Court of Appeals for this Court to make a determination whether a certificate of appealability is appropriate for any of the issues that Petitioner seeks to raise on appeal (see Dkt. 25).

## BACKGROUND

On February 25, 2013, Petitioner filed a petition for the writ of habeas corpus challenging his 2006 conviction for first-degree murder and life sentence (Dkt. 1). After Respondent filed a response to the petition, and Petitioner filed a reply thereto, the Court denied the petition on August 6, 2013 (Dkt. 17).

On September 3, 2013, Petitioner filed a Motion to Alter or Amend a Judgment pursuant to Rule 59(e), Fed.R.Civ.P. (Dkt. 19), which the Court denied on September 10, 2013 (Dkt. 21).  Petitioner appealed, and the Eleventh Circuit remanded for the limited

purpose of granting or denying a certificate of appealability with respect to the denial of his Rule 59(e) motion (Dkt. 25).

After the limited remand, this Court determined that it failed to address Ground One of the petition (see Dkt. 26).  This Court therefore informed Petitioner that it was inclined to vacate its Order denying Petitioner's Rule 59(e) motion and reopen this case, and instructed Petitioner that if he desired a favorable ruling on his 59(e) motion, he should notify the Eleventh Circuit Court of Appeals that he wanted a full remand of his case to confer jurisdiction on this Court (Id.).  As of this date, the Eleventh Circuit has not ordered a full remand.

## DISCUSSION

District courts have a responsibility to address and resolve all claims raised in a petition for the writ of habeas corpus.  *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254."); *Williams v. Florida Dept. of Corrections*, 391 Fed.Appx. 806, 810 (11th Cir. 2010).  In denying Petitioner's § 2254 petition, the Court did not address and resolve Ground One, namely, the allegation that Petitioner's appellate counsel was ineffective in failing to raise constitutional violations and federalize the issues raised on direct appeal (see Dkt. 17).

Accordingly, it is **ORDERED** that Petitioner is **GRANTED** a certificate of appealability on the issue of whether this Court failed to address Petitioner's claim that

appellate counsel was ineffective in failing to raise constitutional violations and federalize the issues raised on direct appeal.

**DONE** and **ORDERED** in Tampa, Florida on October 15, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record
Clerk of Court, Eleventh Circuit Court of Appeals