UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAMS JAMES McHENRY,

    Petitioner,

v.                                            Case No: 8:13-cv-517-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Ground 1 of Petitioner William James McHenry's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The remaining grounds raised in McHenry's petition were previously denied by order dated August 6, 2013. (Doc. 17). The Court, having reviewed Ground 1 of the petition, Respondents' response (Doc. 6), and McHenry's reply (Doc. 16), determines that Ground 1 should be denied in part and dismissed in part.

### BACKGROUND

**I. Procedural Background**

On February 25, 2013, McHenry filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2006 Florida-state conviction for first-degree murder and his corresponding life sentence. (Doc. 1). After Respondents filed a response to the

petition (Doc. 6) and McHenry filed a reply (Doc. 16), the Court denied the petition on August 6, 2013. (Doc. 17).

On September 3, 2013, McHenry filed a motion to alter or amend a judgment in accordance with Federal Rule of Civil Procedure 59(e) (Doc. 19), which the Court denied (Doc. 21). McHenry appealed the order denying his petition and the order denying his Rule 59(e) motion to alter or amend judgment, and the Eleventh Circuit Court of Appeals remanded for the limited purpose of granting or denying a certificate of appealability with respect to the order denying McHenry's Rule 59(e) motion. (Doc. 25).

Upon review of McHenry's habeas petition for the purpose of determining whether he was entitled to a certificate of appealability, it came to the Court's attention that the Court failed to address Ground 1 of the petition. (Doc. 26). As a result, the Court informed McHenry that it was inclined to vacate the order denying his Rule 59(e) motion and grant McHenry's request that the petition be reopened. Because the matter was on appeal, however, the Court informed McHenry that he must notify the Eleventh Circuit that he wished to have a full remand of his case to confer jurisdiction on this Court. (*Id.*). On October 15, 2014, the Court granted McHenry a certificate of appealability on the issue of whether the Court failed to address Ground 1 of his petition. (Doc. 27). On December 4, 2014, the Eleventh Circuit issued an order granting the parties' request to remand the case in full. (Doc. 28).

Accordingly, on December 5, 2014, the Court vacated its order denying McHenry's Rule 59(e) motion, granted the motion, and reopened McHenry's § 2254 petition.

**II. Factual Background**

On December 17, 2003, the State of Florida filed an indictment charging McHenry with first-degree murder. Following a jury trial, McHenry was convicted as charged and sentenced to life in prison. McHenry filed a notice of appeal to the Florida Second District Court of Appeal ("Florida Second DCA") challenging his conviction and sentence.

On appeal, through appointed counsel, McHenry raised three issues, arguing that the trial court erred by (1) refusing the defense's discovery request to examine the contents of the victim's computer and holding an ex parte hearing to determine whether the victim's computer contained relevant evidence, (2) denying the defense's motion for a judgment of acquittal, and (3) improperly instructing the jury as to justifiable use of force and the definition of burglary. The Florida Second DCA issued an order relinquishing jurisdiction to the trial court, and instructed the trial court to hold an evidentiary hearing regarding the contents of the victim's computer to develop a record from which the Florida Second DCA could determine whether the computer contained any information relevant to McHenry's defense.

In response to the Florida Second DCA's directives, the trial court issued orders directing that the in camera inspection of the contents of the victim's computer be transcribed and a copy of the transcripts be made part of the record and placed under seal. The Florida Second DCA then per curiam affirmed McHenry's conviction and sentence. McHenry filed a motion for rehearing and rehearing en banc, which the Florida Second DCA denied.

On April 3, 2009, McHenry filed a petition with the Florida Second DCA alleging ineffective assistance of appellate counsel. McHenry argued that his appellate counsel was ineffective because she (1) failed to raise constitutional grounds for relief or federalize his claims raised on appeal, (2) failed to raise an issue regarding the grand jury indictment, (3) failed to raise a claim of fundamental error relating to his general verdict, and (4) abandoned him at a critical stage of the appellate process. The Florida Second DCA denied the petition.

## **STANDARD OF REVIEW**

### I. Section 2254 Cases

Under § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, effective as of April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a). "Federal habeas proceedings 'are not forums in which to relitigate state trials.'" *Jamerson v. Sec'y for the Dep't of Corr.*, 410 F.3d 682, 687 (11th Cir. 2005) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

Where a state court initially considers the issues raised in the petition and enters a decision on the merits, § 2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). A federal court may grant a § 2254 petition only if the state decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented

in the State court proceeding." § 2254(d); *see also Price v. Vincent*, 538 U.S. 634, 638 (2003); *Maharaj v. Sec'y for the Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The Supreme Court discussed the meaning of the "contrary to" and "unreasonable application" clauses in *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Section 2254 establishes a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). If a federal court concludes that a state court applied federal law incorrectly, it may grant habeas relief only if that application was "objectively unreasonable." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). Moreover, under § 2254(e)(1), a state court's factual findings shall be presumed correct, and the petitioner can rebut the presumption of correctness only by clear and convincing evidence. *See Parker*, 331 F.3d at 768.

**II.  Ineffective Assistance of Appellate Counsel**

Because McHenry alleges ineffective assistance of appellate counsel, to be entitled to relief he must satisfy both prongs of the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, McHenry must establish that appellate counsel's performance was deficient. *Id.* at 687. Second, he must demonstrate prejudice, i.e., he must show that but for appellate counsel's deficient performance, he would have prevailed

5

on appeal. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (citing *Strickland*, 466 U.S. 668). "[T]he Sixth Amendment does not require appellate attorneys to press every non-frivolous issue that the client requests to be raised on appeal, provided that counsel uses professional judgment in deciding not to raise those issues." *Eagle v. Linahan*, 279 F.3d 926, 940 (11th Cir. 2001) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).

## DISCUSSION

In Ground 1, McHenry raises two claims of ineffective assistance of appellate counsel alleging that his appellate counsel was ineffective for failing to federalize the issues raised on direct appeal. (Doc. 1 at 7). According to McHenry, appellate counsel's performance was deficient because she failed to raise a violation of his Fourteenth Amendment right to due process with regard to (1) whether the trial court erred in denying defense counsel's request to examine the contents of the victim's computer and in holding an ex parte hearing regarding the contents of the computer; and (2) whether the trial court erred in denying McHenry's motion for judgment of acquittal.

**I. Whether appellate counsel was ineffective by failing to federalize the claim that the trial court erred regarding McHenry's discovery request.[1]**

McHenry argues that had appellate counsel raised the federal constitutional dimension of this claim, the Florida Second DCA would have applied the holding in *Brady*

---

[1]Respondents contend that McHenry's claims of ineffective assistance of appellate counsel are procedurally barred because he did not exhaust the federal constitutional issues which form the basis of his ineffective assistance of appellate counsel claims in the state trial court. Respondents mistakenly focus on the issues underlying McHenry's claims of ineffective assistance of appellate counsel. Rather, the focus should be on whether McHenry exhausted his claims of *ineffective assistance of appellate counsel*. Because McHenry raised this claim of ineffective assistance of appellate counsel with the Florida Second DCA, it is not procedurally defaulted.

*v. Maryland*, 373 U.S. 83 (1963). Specifically, in *Brady*, the Supreme Court held, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Here, McHenry has presented no evidence that the information contained on the victim's computer was favorable or material to either guilt or punishment. Likewise, the record does not support such an assertion. In fact, through an ex parte examination of the computer's contents, the trial court determined that the computer contained no exculpatory materials. Because this claim is not meritorious, McHenry has not shown that appellate counsel's failure to cast this claim in federal constitutional terms was deficient. Nor can he establish that the result of the appeal would have been different. Accordingly, this claim of ineffective assistance of appellate counsel should be denied.

**II. Whether appellate counsel was ineffective in failing to federalize McHenry's claim that the trial court erred in denying his motion for judgment of acquittal.**

McHenry did not specifically allege in his post-appeal petition that appellate counsel was ineffective for failing to federalize this particular issue on appeal. While McHenry's post-appeal petition generally referenced that he was challenging appellate counsel's failure to federalize all of the claims raised on appeal, he only presented legal and factual argument as to the claim regarding the discovery request. Consequently, McHenry did not exhaust his remedies with regard to this claim, and it is procedurally defaulted.[2] *See* 28

---

[2] Furthermore, McHenry has not alleged "cause and prejudice" or "manifest injustice" such that his procedural default of this claim would be excused. *See Coleman v. Thompson,* 501 U.S. 72, 29–30 (1991).

U.S.C. § 2254(b)(1)(A); *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004) (stating that exhaustion occurs when a petitioner presents the particular legal basis for relief and the facts supporting that claim).[3]  This claim of ineffective assistance of appellate counsel should therefore be dismissed.

But even if McHenry's claim were not procedurally defaulted, it would fail on the merits.  *See* 28 U.S.C. § 2254(b)(2).  Only by way of explanation to McHenry, the Court will discuss the merits of this claim.

According to McHenry, if appellate counsel federalized this claim, the Florida Second DCA would have applied the holding in *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).  In *Jackson v. Virginia*, the Supreme Court held that a petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324.  In reviewing a motion for judgment of acquittal, Florida courts apply the same standard.  *See Pagan v. Florida*, 830 So. 2d 792, 803 (Fla. 2002) (stating that, "[i]f, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction").

---

[3]Although Respondents did not specifically argue that this claim of ineffective assistance of appellate counsel was procedurally barred on this basis, "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3); *see also Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1339 (11th Cir. 2009) ("If the procedural bar defense arises from the petitioner's failure to raise the claim at all and thereby exhaust state remedies, that defense cannot be waived implicitly by the State's failure to assert it.").  Because Respondents did not expressly waive the exhaustion requirement, their failure to raise this particular reason for its application does not result in waiver of the requirement.

Because the Florida standard does not differ from the federal standard, federalizing the judgment of acquittal claim would not have resulted in a different outcome on appeal. Thus, McHenry cannot show that counsel was deficient in failing to federalize this claim, nor can he establish that the failure resulted in prejudice.

## CONCLUSION

Because the Florida Second DCA's denial of McHenry's ineffective assistance of appellate counsel claims was neither contrary to, nor an unreasonable application of, the *Strickland* two-part test, McHenry is not entitled to relief on Ground I.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.  Ground 1 of McHenry's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DENIED as to his claim for ineffective assistance of appellate counsel for failure to federalize the issue regarding his discovery request and DISMISSED WITH PREJUDICE as to his claim for ineffective assistance of appellate counsel for failure to federalize the issue regarding his motion for judgment of acquittal.

2.  The Court's previous order (Doc. 17) denying the remainder of the grounds raised in McHenry's petition is hereby adopted and incorporated herein.

3.  The Clerk is directed to enter judgment in favor of Respondents and against McHenry, terminate any pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that McHenry is not entitled to a certificate of appealability ("COA"). A petitioner does not have absolute entitlement to appeal a district

court's denial of his or her habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, McHenry "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). McHenry has not made this showing. Because McHenry is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

DONE AND ORDERED at Tampa, Florida on this 12th day of March, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2013\13-517 McHenry v. Sec'y Dep't of Corr..docx